UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE IRELAND LIMITED,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OOO GOOGLE,<br><br>　　　　Defendant. | Case No.　5:25-cv-00851-EJD<br><br>**ORDER DENYING MOTION TO INTERVENE**<br><br>Re:　ECF No. 43 |

In a transparent attempt to avoid this Court's jurisdiction, Defendant OOO Google ("Google Russia") made the decision to not appear and to not defend itself against Plaintiff Google Ireland Limited's ("Google Ireland") lawsuit.  At the same time, one of its allies—NO Fond Pravoslavnogo Televideniya ("Pravoslav")—moved to blunt the consequences of that strategic default by seeking to intervene and defend against the lawsuit in Google Russia's place. But Pravoslav lacks standing to intervene.  And even if Pravoslav did have standing, it has not shown that it is entitled to intervene as of right, nor that permissive intervention is warranted considering Google Russia's strategic decision.  Therefore, the Court **DENIES** the motion to intervene.

## I.　BACKGROUND

This case grows out of a long running dispute between Google LLC ("Google")—including its international affiliates, Google Ireland and Google Russia—and various Russian media companies.[1]  The dispute began in July 2020, when Google terminated the accounts of one

---

[1] Another case stemming from this same dispute is also before this Court.  *See Google LLC v. NAO Tsargrad Media*, No. 5:24-cv-5423 (N.D. Cal.).

Case No.: 5:25-cv-00851-EJD
ORDER DEN. MOT. TO INTERVENE　　　1

such company, NAO Tsargrad Media. Andreatta Decl. ¶ 11, ECF No. 5-2. According to Google, it did so to comply with U.S. sanctions law and in response to violations of its own policies. *Id.* Tsargrad viewed the terminations as unjustified, so one month later it sued Google, Google Ireland, and Google Russia in Russian court. Radin Decl., Ex. 4, ECF No. 5-5.[2] The Russian court entered judgment in Tsargrad's favor, and that judgment was affirmed on appeal. Radin Decl., Exs. 5–7, ECF Nos. 5-6, 5-7, 5-8. Later, Pravoslav and other Russian media companies secured similar judgments. Iliasova Decl. ¶¶ 16–19, ECF No. 43-2.

To enforce Tsargrad's judgment, Russian authorities subsequently seized $100 million of Google Russia's assets, even though Tsargrad's judgment sat at about $12.5 million at the time of seizure. Radin Decl. ¶¶ 4, 6–7, ECF No. 5-1. This forced Google Russia into bankruptcy. Radin Decl., Ex. 8, ECF No. 5-9. A Russian bankruptcy court then appointed Valeriy Talyarovsky as Google Russia's liquidator, passing full control of Google Russia to Talyarovsky. Radin Decl. ¶ 12. Exercising this control and acting on behalf of Google Russia, Talyarovsky filed two adversary claims against Google Ireland in Russian bankruptcy court. With its first claim, Google Russia sought to rescind two agreements between itself and Google Ireland, thereby clawing back $1.3 billion in payments that it had made to Google Ireland. Radin Decl., Ex. 11, ECF No. 5-12. With its second, Google Russia sought to extend secondary liability for its debts to Google Ireland and other Google entities and employees. Radin Decl., Ex. 10, ECF No. 5-11.

Google Ireland filed suit in this Court to enjoin the adversary proceedings in Russian bankruptcy court on these two claims, and to compel those claims to arbitration. ECF No. 1. Concurrently, Google Ireland moved for a temporary restraining order ("TRO"). ECF No. 5. The Court granted a TRO (later converted to a preliminary injunction) which, in relevant part, enjoined Google Russia from seeking an anti-suit injunction in Russian court. ECF Nos. 18 ("TRO"), 37 (converting TRO to preliminary injunction). But Google Russia ignored the Court's order. The

---

[2] The Court cites to various Russian court documents submitted with Google Ireland's earlier motion for a temporary restraining order. *See* Radin Decl., Exs. 3–11. Those exhibits are subject to judicial notice. *Color Switch LLC v. Fortafy Games DMCC*, 377 F. Supp. 3d 1075, 1089 n.6 (E.D. Cal. 2019).

Case No.: 5:25-cv-00851-EJD
ORDER DEN. MOT. TO INTERVENE        2

1    day after being served the Court's TRO, Google Russia asked a Russian court for anti-suit
2    injunctions. ECF No. 24. The Russian court granted the request and enjoined Google Ireland
3    from pursuing this action. ECF Nos. 32, 51, 61.
4        As the Russian injunction illustrates, Google Russia is well aware of this case. Yet Google
5    Russia has not appeared in this matter. Instead, Pravoslav appeared to defend against Google
6    Ireland's claims as a third party. Pravoslav first tried to submit an amicus brief in support of
7    Google Russia. ECF No. 31. When the Court denied that motion, Pravoslav moved to formally
8    intervene for the purpose of vacating the injunction by relying on its status as one of Google
9    Russia's judgment creditors. Mot., ECF No. 43; Iliasova Decl. ¶¶ 16–19. The motion to intervene
10   is currently before the Court.

## II.  DISCUSSION

### A.  Standing

Because Google Russia has failed to appear, Pravoslav is the only party seeking to defend against the claims in this matter. As the only party seeking to appear on the defense side, Pravoslav must "independently fulfill[] the requirements of Article III" standing in order to intervene. *Wittman v. Personhuballah*, 578 U.S. 539, 544 (2016) (internal quotations and citations omitted). That is, Pravoslav must show it (1) suffered an injury-in-fact that is (2) fairly traceable to this litigation and that (3) will likely be redressed by a favorable ruling. *Id*. at 543 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

In bankruptcy and bankruptcy-adjacent proceedings, a party generally has Article III standing where it "holds a financial stake in the outcome of the proceeding such that the [party] has an appropriate incentive to participate in an adversarial form to protect his or her interests." *In re Thorpe Insulation Co.*, 677 F.3d 869, 887 (9th Cir. 2012) (citation omitted). Pravoslav has such a financial stake here in the form of its claim against Google Russia's bankruptcy estate. Iliasova Decl. ¶¶ 16–19. In the abstract, a restriction on Google Russia's ability to increase the value of its bankruptcy estate would be an injury to Pravoslav's interest because it limits what Pravoslav may recover from the bankruptcy estate. *In re Brower*, 651 B.R. 770, 776 (N.D. Cal. 2023). The Court's injunction preventing Google Russia from prosecuting its adversary claims in Russian

1  courts is such a restriction and constitutes injury-in-fact under Article III. However, that injury is

2  neither fairly traceable to this litigation nor redressable by ruling in favor of Pravoslav.

3        Traceability and redressability are usually distinct concepts. The former refers to the

4  causal connection between the challenged conduct and alleged injury, while the latter refers to the

5  connection between the judicial relief requested and the alleged injury. *Allen v. Wright*, 468 U.S.

6  737, 753 n.19 (1984), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control

7  Components, Inc.*, 572 U.S. 118 (2014). In this case, the challenged conduct and requested relief

8  are the same: Pravoslav challenges the preliminary injunction and requests that it be vacated. As

9  such, traceability and redressability[3] both turn on whether the injunction here caused Pravoslav's

10 alleged injury. On this record, the answer is no.

11       To be sure, the bar for redressability is low. As the Supreme Court recently held, simply

12 removing a "barrier" between the plaintiff and the outcome she seeks can satisfy redressability.

13 *Gutierrez v. Saenz*, 145 S. Ct. 2258, 2268 (2025). The Court's injunction in this case poses, at

14 least in theory, a "barrier" between Pravoslav its hoped-for outcome—that Google Russia will

15 prevail in Russian bankruptcy court and increase the value of its bankruptcy estate. But theory is

16 all this argument amounts to. Google Russia has ignored the Court's injunction and continued to

17 pursue its adversary claims in Russian bankruptcy court. ECF Nos. 32, 51, 61. Vacating the

18 injunction will change nothing at all about how Google Russia is prosecuting its claims and thus

19 will have no impact on the likelihood that Pravoslav's injury will be redressed.

20       For this reason alone, the Court must deny Pravoslav's motion.

21       **B.**    **Rule 24**

22       Even if Pravoslav had standing to intervene, it has not shown that intervention is

23 appropriate under Federal Rule of Civil Procedure 24.

24         **1.**    **Intervention as of Right**

25       A party may intervene as of right under Rule 24(a)(2) if it "(i) timely moves to intervene;

---

[3] Since traceability merges into redressability under these circumstances, the Court refers only to redressability for the remainder of this Order.

Case No.: 5:25-cv-00851-EJD
ORDER DEN. MOT. TO INTERVENE    4

(ii) has a significantly protectable interest related to the subject of the action; (iii) may have that interest impaired by the disposition of the action; and (iv) will not be adequately represented by existing parties." *Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 620 (9th Cir. 2020). There is no dispute that Pravoslav's motion was timely. Pravoslav filed just two weeks after the Court entered a preliminary injunction and in accordance with the Court's deadlines. *See* ECF Nos. 37, 39. It is equally clear that Pravoslav is not adequately represented by any existing party since the only defendant, Google Russia, has not made an appearance. The only issue is whether Pravoslav's interest in this case is "significantly protectable." The Court finds it is not.

A "significantly protectable interest" is a "practical impairment of its interests as a result of the pending litigation." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006); *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011); *Sierra Club v. U.S. E.P.A.*, 995 F.2d 1478, 1484 (9th Cir. 1993). While Pravoslav's interest in Google Russia's bankruptcy estate suffices for Article III injury, Rule 24 requires more. The Ninth Circuit has made clear that "an allegedly impaired ability to collect judgments arising from past claims does not, on its own, support a right to intervention." *United States v. Alisal Water Corp.*, 370 F.3d 915, 920 (9th Cir. 2004). Yet Pravoslav's purported interest is just that. Pravoslav contends it has a significantly protectable interest in preventing Google Ireland from interfering with the Court Liquidator and Russian court proceedings because it is "first in line" to be paid for its claims from any recovery obtained. To succeed on this theory, Pravoslav would also need to show that the interest in the prospective collectability of debt is "sufficiently related" to the action here. *Id.* at 920–21 (finding the proposed intervenor's "interest in the prospective collectability of the debt . . . [was] not sufficiently related to the environmental enforcement action brought by the United States"). But this action concerns only where and how Google Russia may bring its claims against Google Ireland; Google Ireland does not seek to recover or prevent the recovery of the total assets available. The Court therefore finds that Pravoslav's interest in the collectability of debt is not sufficiently related to this action. *See Glyn v. Roy Al Boat Mgmt. Corp.*, 897 F. Supp. 451, 453 (D. Haw. 1995) ("Were this court to agree that Efimov could intervene . . . it would transform

Case No.: 5:25-cv-00851-EJD
ORDER DEN. MOT. TO INTERVENE    5

every civil suit before this court into a kind of exaggerated interpleader action where all potential creditors of all parties could assert their rights.").

The cases Pravoslav cites to the contrary are unavailing or inapplicable. *See California Dep't of Toxic Substances Control v. Jim Dobbas, Inc.*, 54 F.4th 1078 (9th Cir. 2022) (allowing insurance company to intervene on behalf of its insured in a lawsuit it had the duty to defend); *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183 (9th Cir. 2009)[4] (same); *Twitch Interactive, Inc. v. Fishwoodco GmbH*, No. 5:22-CV-03218-EJD, 2023 WL 7458374, at *4 (N.D. Cal. Nov. 9, 2023) (finding action to confirm arbitration award sufficiently tied to intervener because the award would bind them as well); *Ocean Thermal Energy Corp. v. Coe*, No. LACV19-05299-VAP-JPR, 2020 WL 4108161, at *3 (C.D. Cal. Mar. 5, 2020) (finding action to enforce the sale of assets sufficiently tied to intervenor because the sale would directly prevent intervenor from collecting debt).

### C.  Permissive Intervention

Courts also have the discretion to allow permissive intervention. "Under Federal Rule of Civil Procedure 24(b), a district court has discretion to permit intervention when the movant presents (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013, 1022 (9th Cir. 2022) (internal quotation marks omitted) (quoting *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011)). If the proposed intervenor satisfies these requirements, then courts may consider several additional discretionary factors, including: the nature and extent of the intervenors' interest; whether the intervenor has standing; whether intervention will prolong or unduly delay the litigation; and whether intervention would contribute "to the just and equitable adjudication" of the case. *Id.* (quoting *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)).

Pravoslav fails to satisfy all the necessary requirements. Though Pravoslav filed a timely

---

[4] Pravoslav appears to cite to two separate cases named "Westchester" and "Mendez," but the Court finds only one citation in its brief including both names.

Case No.:  5:25-cv-00851-EJD
ORDER DEN. MOT. TO INTERVENE           6

motion, for the reasons discussed above, it has not established jurisdiction or a common question of law and fact between the Pravoslav's claim and this action. And even if Pravoslav satisfied these requirements, the Court would exercise its discretion to deny permissive intervention. Google Russia has intentionally defaulted. Pravoslav suggests that Google Russia's default can be excused because Google Russia would need to request permission from the Russian bankruptcy court to hire U.S. counsel to defend itself; but there is no indication that Google Russia ever asked the bankruptcy court for permission. Instead, Google Russia immediately sought an anti-suit injunction after the Court issued its own injunction here, indicating its intent to proceed in its Russian case while ignoring this case. The Court will not reward Google Russia's intentional default by allowing it to enlist an ally to defend this case on the merits. Such an intervention would frustrate "the just and equitable adjudication" of this case. *Id.*

## III. CONCLUSION

Based on the foregoing, the Court **DENIES** the motion to intervene (ECF No. 40) and accompanying motions for leave to appear in Pro Hac Vice (ECF Nos. 46, 47).

**IT IS SO ORDERED.**

Dated: September 29, 2025

EDWARD J. DAVILA
United States District Judge