UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE IRELAND LIMITED,<br><br>    Plaintiff,<br><br>    v.<br><br>OOO GOOGLE,<br><br>    Defendant. | Case No.  5:25-cv-00851-EJD<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>Re:  ECF No. 43 |

Defendant OOO Google ("Google Russia") has made the decision to not appear in this action.[1] After giving it numerous opportunities to appear and respond, the Court ordered the Clerk of Court to enter default against Google Russia on April 3, 2025. ECF No. 55. The Court then provided Google Russia one final chance to appear by filing an appearance on the docket or moving to vacate the default by April 24, 2025. *Id.* Google Russia has not done so. It is now September. As the Court indicated in its prior order, the Court will now consider Plaintiff Google Ireland Limited's ("Google Ireland") motion at ECF No. 5, as well as the automatic conversion provision of the preliminary injunction, as a motion for default judgment. ECF No. 55.

For the reasons explained below, the Court **ENTERS DEFAULT JUDGMENT** against Google Russia and in favor of Google Ireland.

I.  **LEGAL STANDARD**

Courts may grant default judgment if a party fails to plead or otherwise defend against an action for affirmative relief. Fed. R. Civ. P. 55(a). Discretion to enter default judgment rests with

---

[1] The Court incorporates the facts as described in its concurrently filed Order Denying the Motion to Intervene.

Case No.: 5:25-cv-00851-EJD
ORDER ENTERING DEFAULT JUDGMENT
1

the district court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Prior to entering default judgment, courts must (1) examine subject matter jurisdiction and personal jurisdiction, *In re Tulli*, 172 F.3d 707, 712 (9th Cir. 1999), and (2) consider the factors described in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## II. DISCUSSION

### A. Jurisdiction

The Court finds it has subject-matter jurisdiction over this action pursuant to 9 U.S.C. § 4 and personal jurisdiction over Google Russia pursuant to its agreement to arbitrate all disputes relating to the RSAs in Santa Clara County, California. Compl. ¶¶ 11, 13, ECF No. 1. The Court further finds Google Ireland has Article III standing to bring this suit. Google Russia's litigation has forced Google Ireland to litigate in a forum other than the one agreed to by the parties, and an order compelling arbitration and issuing a permanent anti-suit injunction would redress this injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).[2]

### B. *Eitel* Factors

Next, the Court finds the *Eitel* factors weigh in favor of granting default judgment. Under *Eitel*, courts consider the following:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the underlying default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

---

[2] Google Russia is deemed to have waived all defenses upon entry of default. *See Rubicon Glob. Ventures, Inc. v. Chongquing Zongshen Grp. Imp./Exp. Corp.*, 630 F. App'x 655, 657–68 (9th Cir. 2015); *Innovative Health Techs. v. Urmeev*, No. CV-18-03372-PHX-ROS, 2020 WL 4346751, at *3 n.3 (D. Ariz. July 29, 2020). However, because the Court has an independent obligation to evaluate Article III standing, the Court has considered and rejected Proposed Intervenor Pravoslav's arguments regarding standing. The Court finds Google Russia is the proper party because it is the signatory to the relevant contract—the fact that the Russian Liquidator is suing in Russia rather than Google Russia is irrelevant since the Liquidator is acting as Google Russia's agent. There is also clearly a controversy because Google Russia is refusing to arbitrate even after being served a demand. Finally, the prior exclusive jurisdiction doctrine does not apply here because, although bankruptcy proceedings are generally in rem, this is a contract dispute, which is the archetypical in personam action. *See Silk v. Bond*, 65 F.4th 445 (9th Cir. 2023); *Va. Cmty. Coll. v. Katz*, 546 U.S. 356, 371–72 (2006).

1  *Eitel*, 782 F.2d at 1471–72.  In evaluating these factors, all factual allegations in the complaint are

2  taken as true, except those relating to damages.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915,

3  917–18 (9th Cir. 1987).

4  Under the first *Eitel* factor, courts consider whether plaintiffs will suffer prejudice if

5  default judgment is denied.  *Bd. of Trustees, I.B.E.W. Local 332 Pension Plan Part A v. Delucchi*

6  *Elec., Inc.*, No. 5:19-CV-06456-EJD, 2020 WL 2838801, at *2 (N.D. Cal. June 1, 2020) (citing

7  *PepsiCo, Inc. v. Cal. Security. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)).  A plaintiff is

8  prejudiced if it would be "without other recourse for recovery" because the defendant failed to

9  appear or defend against the suit.  *JL Audio, Inc. v. Kazi*, No. 516CV00785CASJEM, 2017 WL

10 4179875, at *3 (C.D. Cal. Sept. 18, 2017).  Because Google Russia has not appeared in this

11 matter, Google Ireland will be without any other recourse for recovery unless default judgment is

12 granted.  *Oomph Innovations LLC v. Shenzhen Bolsesic Elecs. Co.*, No. 5:18-cv-05561-EJD, 2020

13 WL 5847505, at *2 (N.D. Cal. Sept. 30, 2020).

14 The second and third *Eitel* factors are often examined together.  *I.B.E.W. Local 332*, 2020

15 WL 2838801, at *2 (citing *PepsiCo*, 238 F. Supp. 2d at 1175).  These factors assess the

16 substantive merits of the movant's claims and the sufficiency of the pleadings.  *PepsiCo*, 238 F.

17 Supp. 2d at 1175.  In its TRO, the Court already found Google Ireland has pled facts sufficient to

18 show a likelihood of success on the merits under the Rule 65 standard.  For those same reasons,

19 the Court finds Google Ireland has satisfied these factors by stating a claim on which it may

20 recover.

21 As to the fourth factor, "[w]hen the money at stake in the litigation is substantial or

22 unreasonable, default judgment is discouraged."  *Bd. of Trustees v. Core Concrete Cost., Inc.*, No.

23 C 11-02532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012), *report and recommendation*

24 *adopted*, 2012 WL 381198 (N.D. Cal. Feb. 6, 2012).  There is no request for monetary relief here

25 apart from attorneys' fees.

26 Regarding the possibility of a dispute concerning material facts, Google Russia has neither

27 appeared nor defended this action, and Google Ireland's allegations stand undisputed.  *See Shaw v.*

28 Case No.:  5:25-cv-00851-EJD
ORDER ENTERING DEFAULT JUDGMENT
3

1   *Five M, LLC*, No. 16-cv-03955-BLF, 2017 WL 747465, at *4 (N.D. Cal. Feb. 27, 2017) (noting

2   that upon entry of default by the Clerk of the Court, the factual allegations of the complaint related

3   to liability are taken as true).  The Court therefore finds that the possibility of dispute concerning

4   material facts is minimal and does not weigh against default judgment.  *Oomph Innovations*, No.

5   5:18-cv-05561-EJD, 2020 WL 5847505, at *4 (N.D. Cal. Sept. 30, 2020).

   Moving to considerations of excusable neglect, for the reasons stated in the Court's Order Denying the Motion for Intervention, there is no indication of excusable neglect; indeed, the Court finds Google Russia's default is knowing and intentional.

   Finally, although public policy strongly favors deciding each case on its merits, default judgment is appropriate where a defendant refuses to litigate a case and where default judgment is the plaintiff's only recourse against the defendant.  *See Core Concrete*, 2012 WL 380304, at *4; *Carlson Produce, LLC v. Clapper*, No. 18-cv-07195-VKD, 2020 WL 533004, at *5 (N.D. Cal. Feb. 3, 2020); *see also United States v. Roof Guard Roofing Co.*, No. 17-cv-02592-NC, 2017 WL 6994215, at *3 (N.D. Cal. Dec. 14, 2017) ("When a properly adversarial search for the truth is rendered futile, default judgment is the appropriate outcome.").  Such is the case here, where Google Russia has not appeared and refuses to litigate.  *Oomph Innovations*, 2020 WL 5847505, at *4.

   Accordingly, the Court finds all *Eitel* factors weigh in favor of granting default judgment.

### III. CONCLUSION AND ORDER

   Based on the foregoing, the Court **ENTERS DEFAULT JUDGMENT**.  The Court declares that the mandatory arbitration provisions in the 2009 RSA and 2018 RSA are binding upon Google Russia and compels arbitration in accordance with Section 12 of the 2009 RSA and Section 12 of the 2018 RSA.

   The Court also converts the preliminary injunction, ECF Nos. 18, 37, into a permanent injunction enjoining Google Russia, its Liquidator, officers, agents, servants, employees and attorneys, and all those in active concert or participation with them, whether acting directly or indirectly, in the United States or abroad, from:

Case No.: 5:25-cv-00851-EJD
ORDER ENTERING DEFAULT JUDGMENT
4

    a. commencing, prosecuting, continuing, taking any steps in, or otherwise participating in any proceedings to pursue or redress any claims on behalf of Google Russia against Google Ireland or its current or former affiliates, or any of their officers, agents, servants, employees, or attorneys, relating to the RSAs in any forum other than the arbitration proceedings mandated by the terms of the RSAs;

    b. commencing, prosecuting, continuing, taking any steps in, or otherwise participating in any proceedings to pursue clawback, secondary liability or other claims in the Russian Federation relating to the RSAs on behalf of Google Russia against Google Ireland or its current or former affiliates, or any of their officers, agents, servants. employees, or attorneys, including the applications filed by Google Russia's liquidator on October 18, 2024 in the Arbitrazh Court; or

    c. commencing, prosecuting, continuing, taking any steps in, or otherwise participating in any proceedings in the Russian Federation intended to restrain or impede Google Ireland's pursuit of this action.

The Court further awards attorneys' fees and costs pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) but defers ruling on the amount of fees. Google Ireland shall file a motion for attorneys' fees within **14 days** of this Order, including a bill of costs pursuant to Civil Local Rule 54-1.

**IT IS SO ORDERED.**

Dated: September 29, 2025

                                               EDWARD J. DAVILA
                                               United States District Judge

Case No.: 5:25-cv-00851-EJD
ORDER ENTERING DEFAULT JUDGMENT

5